EDWIN EVANS *vs.* MOSES KIMBALL & others.

The purchase of a mortgage by the owner of the equity of redemption does not operate as a merger of the two titles if there is an intervening right.

The purchaser of an equity of redemption of mortgaged premises made a second mortgage thereof, and, while the mortgage so made by him was outstanding, took an assignment of the first mortgage, which he shortly afterwards re-assigned to a third person. *Held,* that the existence of the second mortgage at the time of these assignments prevented the merger of the first mortgage.

MERRICK, J. This is a real action to recover possession of the demanded premises and to foreclose the right of redemption. The plaintiff claims under a mortgage deed made on the 21st of May 1851, by the defendant Kimball to William Larrabee,

to secure the payment of two promissory notes amounting to $1524, with the interest thereon, of which, it is conceded, that only four hundred dollars has ever been paid. This mortgage was afterwards duly assigned by Larrabee to Evans, and by Evans to Mather, who, on the 5th day of August 1855, assigned it to Dudley B. Davis. Two days afterwards, namely, on the 7th day of the same month of August, Davis, by his deed of that date, sold, assigned, transferred and conveyed the said mortgage deed, and all his right, title and interest in and to the real estate therein described, together with the promissory notes, debt and claim thereby secured to the plaintiff, subject to the conditions therein contained and to redemption according to law. The plaintiff thus shows a good title in himself to the demanded premises, and a right to recover possession thereof, unless the objection insisted upon by the tenants and the facts relied upon in support of it show that the mortgage of Kimball to Larrabee had been extinguished and discharged by operation of law previous to the formal transfer and assignment of it by Davis to the demandant.

On the 26th of February 1852, Kimball conveyed his right of redemption in the demanded premises subject to said mortgage to C. F. Newell; and Newell, on the 9th of January 1854, conveyed the same right of redemption, subject to the same mortgage, to the said Dudley B. Davis. And the tenants contend that, he having thus become the owner of the right of redemption, the mortgage, when it was subsequently assigned and conveyed to him, was merged in the title which he had acquired, and became thereupon wholly inoperative and extinguished.

But it appears, also, that on the 9th of January, the same day on which he received the conveyance from Newell, Davis, by his deed of that date, conveyed the demanded premises, subject to said mortgage to Larrabee, in mortgage to J. C. Bartlett, to secure to him the payment of two thousand dollars in equal moieties in one and two years. This sum, it is agreed, has since been paid; but, as there is nothing in the statement of facts to show at what time the payment was made, it is to be presumed that payments were made according to the stipulation

of the parties and at the times when the same respectively be-came due. In determining the questions before the court, it must therefore be considered that the mortgage to Bartlett was a subsisting and outstanding incumbrance upon the premises, both when he took an assignment of the Larrabee mortgage from Mather, and when he assigned it to the demandant.

It is undoubtedly the general rule that, when the legal title by the mortgage becomes united with the equitable title, so that the owner has the whole title, the mortgage is merged by the unity of possession. But there are exceptions to it. If the owner of the equitable title has an interest in keeping these titles distinct, he has a right to keep them so; or if there be an intervening right between the mortgage and the equity, whether it has been acquired by purchase, attachment, or otherwise, then the estates do not coalesce, and in such cases the mortgage will not be extinguished. *Loud* v. *Lane,* 8 Met. 517. *Hunt* v. *Hunt,* 14 Pick. 374.

That it was not the intention of Davis that the mortgage to Larrabee should be merged in his title and become extinguished by the assignment to him seems to be apparent from the terms of the deed which he took from Mather. Unlike the assign-ment in the case of *Wade* v. *Howard,* 6 Pick. 492, it does not purport to be a release and discharge of the mortgage, but to be a transfer and conveyance of it as a subsisting security, and still to be continued in its original force and validity. That such was his design and purpose is also apparent from the fact that, by assigning it to the plaintiff immediately, that is, two days afterwards, he regarded and treated it as a legal, undis-charged and valid incumbrance upon the estate. Beside this, he had some interest in keeping the titles distinct. He wished to avail himself of it as a security of which he could make use; and he also had an interest in retaining it as an outstanding title so that he might prevent, if he should choose to do so, Bartlett, the second mortgagee, from obtaining possession of the estate before the moneys secured by the mortgage to him should become due and payable.

This being the intention of the parties in the assignment by

Mather to Davis, the incumbrance created upon the premises by the mortgage to Bartlett was an intervening right which prevented the merger of his legal and equitable title. If the mortgage had been made by Newell before his conveyance of the right in equity, there can be no doubt that, under the decisions before referred to, the legal and equitable titles afterwards held by Davis would not have coalesced, but would have been kept separate and distinct. The same effect must be produced by the conveyance in mortgage by Davis, because that, equally with the deed of any former owner, creates an incumbrance upon the estate, and vests the legal title to it in the mortgagee. It is the fact of an outstanding and intervening right which prevents the merger; and therefore it can be of no importance in what manner or under whose deed that right arises. It is sufficient that it exists.

But upon the facts agreed it is clear, that when Davis took the deed of the right of redemption from Newell, and when he assigned the Larrabee mortgage to the demandant, there was not only an outstanding and intervening right under the mortgage to Bartlett, but that incumbrance was such that Davis had no legal right or power at that particular time to remove it. He could not compel the mortgagee to receive his money before, by the terms of the contract, it was due and payable; and therefore the mortgage to Bartlett was necessarily and without his consent unavoidably an intervening right between the legal and equitable title of Davis, which prevented them, in accordance with his manifest intention, from coalescing. Therefore, the objection taken by the tenants to the right of the demandant to recover in this action cannot be sustained.

It was suggested in behalf of the tenants at the argument, that the notes of Larrabee to Kimball were paid by his note for $1400 to Evans and the payment of four hundred dollars in money. Of this there is no evidence whatever in the statement of facts; but, on the contrary, the parties have expressly stated in their agreement that those notes, principal and interest, still remain wholly unpaid except as to said sum of $400, about the payment of which there is no controversy.

The conditional judgment, under the statute, must therefore be rendered for the demandant.

*J. G. Abbott & J. P. Converse*, for the demandant.

*A. V. Lynde*, for the tenants.